# IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. BANK NATIONAL ASSOCIATION, A NATIONAL BANKING ASSOCIATION,
Appellant,
vs.
HOLM INTERNATIONAL PROPERTIES, LLC, A UTAH LIMITED LIABILITY COMPANY REGISTERED AS A FOREIGN LIMITED LIABILITY IN NEVADA,
Respondent.

No. 71504

FILED

NOV 19 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse the judgment and remand for further proceedings.

We conclude that the district court erroneously granted summary judgment for respondent, as appellant U.S. Bank's predecessor tendered $513 to the HOA's agent, which undisputedly represented 9 months of assessments.[1] *See Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev. 362, 373, 373 P.3d 66, 72 (2016) ("[A] superpriority lien pursuant to NRS 116.3116(2) [(2009)] . . . is limited to an amount equal to nine months of common expense assessments."). The tender of the defaulted superpriority portion of the HOA's lien cured the

---

[1]Although respondent states in its answering brief that U.S. Bank's predecessor "allegedly" made a tender, respondent's summary judgment motion stated that it was "undisputed" that a $513 tender was made, and respondent's summary judgment opposition attached documents demonstrating that a $513 tender was made.

18-904725

SUPREME COURT
OF
NEVADA

(O) 1947A

default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113 (2018). Although respondent contends that the tender was ineffective because it imposed conditions and that respondent is protected as a bona fide purchaser, we recently rejected similar arguments.[2] *Id.* at 118, 121. Accordingly, respondent took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:   Hon. Joseph Hardy, Jr., District Judge
      Janet Trost, Settlement Judge
      Akerman LLP/Las Vegas
      Mortenson & Rafie, LLP
      Eighth District Court Clerk

---

[2]Respondent has not identified any imposed condition that U.S. Bank's predecessor was not legally entitled to impose.

SUPREME COURT
OF
NEVADA

(O) 1947A